BAKER v. SCHWARTZ et al.

(Supreme Court, Appellate Term.　December 9, 1908.)

1. LANDLORD AND TENANT (§ 169*)—INJURIES TO OTHER TENANTS—NEGLIGENCE —PRESUMPTIONS.

　　Where defendants were tenants of an upper floor, to which they alone had access, and the property of plaintiff's tenants of a lower floor was injured by water which was found running from an open faucet on defendants' floor into a sink clogged with dirt, there was a presumption from the facts that defendants were negligent, which they were bound to rebut.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. § 665; Dec. Dig. § 169.*]

2. LANDLORD AND TENANT (§ 169*)—PRESUMPTIONS—EVIDENCE.

　　In an action for injuries to plaintiff's goods by water flowing from an open faucet on an upper floor, a judgment for defendants *held* against the weight of the evidence.

　　[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 169.*]

Appeal from Municipal Court, Borough of Manhattan, Second District.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Frank H. Baker against Benjamin Schwartz and others. From a Municipal Court judgment for defendants, plaintiff appeals. Reversed.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Ira Bliss Stewart, for appellant.

Frankenthaler & Sapinsky, for respondents.

PER CURIAM. The action is for negligence. The justice found for defendants, presumably on the ground that the negligence of defendants was not established. The defendants are the tenants of the third loft of certain premises, and alone occupy the entire floor. Plaintiff occupies the basement. On Friday night, January 31, 1908, in said loft one of the defendants (according to his admission made to plaintiff and the police) turned on the faucet, and the water would not run, adding he was quite sure he turned it off again. On Saturday morning one of the defendants claims he went to the loft and found the sink was clean, and no water running. On Sunday afternoon, in response to complaints of a flood, the door of this loft was broken open by the police in the absence of plaintiff and defendants, the faucet was found open, and water was found running from the faucet, the sink stopped up with dirt and broom splints; the water overflowing on to the floor and down through the building, and out from the hall door on the street floor, into the street, and there was about an inch of water in the hallway, and on Monday morning, when plaintiff went to his place of business in the basement of said premises, certain of the plaintiff's goods were found soaked with water, for which damage plaintiff sued defendants on the ground of negligence.

Defendants claim they did not leave open the faucet, but otherwise do not explain the flood from the premises to which they alone had access. It would seem that defendants' testimony, by way of explanation, tends to strengthen the presumption of negligence on the part of defendants arising from the circumstances. The statement of Morris Schwartz to the policeman (not contradicted) that on Friday he turned on the faucet that was found open on Sunday, and the water did not run, and the weakness of his assertion that he was "quite sure he turned it off," are some support for a conclusion that defendants should be charged with a disarrangement of the faucet. There is no claim that the faucet was defective. We think the judgment is against the weight of evidence, and should be reversed.

Judgment reversed and new trial ordered, with costs to appellant to abide the event.